In the Matter of MAURICE S. ROTH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 1983

**APPEARANCES OF COUNSEL**

*Jeanne C. O'Rourke* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Benjamin G. Sprecher* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to practice as an attorney on February 25, 1976 by the Appellate Division of the Supreme Court, Second Judicial Department. On April 13, 1982, the Departmental Disciplinary Committee received a complaint against him from Howard Parnes of the real estate firm of Houlihan-Parnes. It was alleged that Houlihan-Parnes had delivered $50,000 to respondent as escrow agent in a real estate transaction. Although the sale was never consummated and repeated demands were made for the money, respondent has purportedly refused to return the $50,000. On April 28, 1982, a copy of the complaint was mailed to respondent, and he was requested to submit a written response. The committee received a reply on June 27, 1982 which asserted in part:

"In response to the request [of the complainants], I clearly stated that as an escrow agent I could not return the funds without written releases from all parties involved.

"In spite of the clear obligations and liabilities of an escrow agent, and in spite of the ongoing litigation and motions, Houlihan-Parnes insisted unilaterally that the funds be returned."

Pursuant to the committee's request, on October 19, 1982, this court issued a subpoena duces tecum directing respondent's presence at the committee's offices on November 8, 1982, along with his complete file in the matter relating to Howard Parnes' complaint. Respondent appeared on that date and asked for an adjournment for the purpose of retaining legal counsel. His request was granted, and he was advised on the record that the subpoena duces tecum required that he bring with him any records of his escrow account which would pertain to the real estate transaction in question. A tentative adjournment date was set for November 18, 1982. On December 4, 1982, respondent came to the committee's offices in the company of his attorney, Benjamin G. Sprecher, Esq. Respondent did not have with him the records of his escrow account but did agree to supply the committee with these records on or before December 21, 1982.

By letter dated December 17, 1982, the committee confirmed that respondent was to appear in its offices on December 22, 1982, the previously arranged date, and that he was to bring with him his records of the escrow account. However, the interview scheduled for December 22, 1982 was subsequently postponed in a telephone conversation. On January 14, 1983, in compliance with a request from respondent's lawyer, the committee forwarded a copy of the complaint and related letters from the complainant. Respondent's attorney was asked to contact the committee for a mutually convenient date to resume the examination of his client. When no response was forthcoming to the committee's letter of January 14, 1983, the committee sent respondent's counsel another letter, this one dated January 27, 1983, stating that if there was no answer by

February 3, 1983, it would be assumed that he no longer wished to co-operate with the committee's investigation.

After the committee had received no further communication from either respondent or his lawyer, it applied to this court for a second subpoena duces tecum, which was issued on February 8, 1983, compelling respondent's appearance, as well as production of his records. The return date of the subpoena was February 18, 1983. Not only did respondent fail to honor the subpoena, but he made no effort to seek an adjournment of the return date. Thereafter, the committee moved that he be suspended until such time as the complaint against him has been disposed of, or until further order of this court.

Respondent denies that he has failed to co-operate with the committee and, in addition, offers a number of reasons for his refusal to make available his records. According to respondent, "the sum ($50,000) was not to be placed in an escrow account but was rather to be used by respondent for expenses in connection with the $18,500,000 real estate purchase. The expenses included those incidental to a real estate purchase as well as an advance on the one million six hundred fifty thousand dollar commission due respondent." Respondent claims that since his attorney has presented "proof" that the $50,000 was never intended to be put into an escrow account, his records are not relevant to the committee's investigation.

Respondent's arguments are not persuasive. The allegation of conversion which has been brought against him is extremely serious. Nonetheless, his response to the committee's effort to determine the validity of the charge of misconduct has been to obstruct its investigation. Respondent has ignored two separate subpoenas issued by this court, as well as a series of requests from the committee. Even if there were merit to respondent's contention that the complaint against him is unfounded, there can be no justification for his persistent refusal to co-operate with the committee. Consequently, respondent should be suspended from the practice of law until the matters herein are concluded, and until further order of this court.

Ross, J. P., Carro, Silverman, Bloom and Milonas, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York effective June 28, 1983, until the matters herein are concluded, and until the further order of this court.